RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 17a0153p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

No. 16-2611

HATEM ATAYA, M.D.,

*Defendant-Appellant.*

On Motion to Dismiss Appeal Based on Appeal Waiver in Plea Agreement
Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 2:15-cr-20351-3—Sean F. Cox, District Judge.

Decided and Filed:  July 17, 2017

Before:  NORRIS, GIBBONS, and SUTTON, Circuit Judges.

_____

### COUNSEL

**ON MOTION:**  Patricia Gaedeke, UNITED STATES ATTORNEY'S OFFICE, Detroit, Michigan, for Appellee.  **ON RESPONSE:**  Michael J. Stengel, STENGEL LAW FIRM, Memphis, Tennessee, for Appellant.

_____

### ORDER

_____

SUTTON, Circuit Judge.  Hatem Ataya pleaded guilty to conspiring to commit health care fraud and wire fraud.  His plea agreement included an appellate waiver, in which he relinquished any right to appeal his conviction or sentence "on any grounds."  R. 145 at 11–12.  Atatya nonetheless appealed the judgment against him, and the government moved to dismiss on the basis of the waiver.  While we agree with the government that Ataya knowingly waived his

appellate rights, we are not convinced that Ataya entered into the plea agreement as a whole knowingly and voluntarily. We therefore refer this case to the merits panel to determine whether the plea agreement and the district court adequately informed Ataya of his plea's consequences, in particular any possibility of denaturalization, and if not whether any omissions constitute plain error.

There's no question at the outset about one feature of this case: Ataya knowingly waived his appellate rights. His plea agreement included a broad waiver provision, and the district court confirmed that Ataya understood and accepted the waiver's consequences.

But appellate waivers are parts of larger contracts, and they must "stand or fall with the agreements of which they are a part." *United States v. Wenger*, 58 F.3d 280, 282 (7th Cir. 1995). A defendant decides to waive the right to challenge his conviction in light of his understanding of the conviction's key consequences. If he misunderstands any of those consequences, that undermines the knowingness of the appellate waiver. For an appellate waiver to be knowing and voluntary, the defendant thus must have entered into the plea agreement as a whole knowingly and voluntarily. *United States v. Rollings*, 751 F.3d 1183, 1190–91 (10th Cir. 2014).

Examination of the plea colloquy reveals that the district court did not inform Ataya, as Rule 11 requires, that the plea agreement required him to pay restitution and a special assessment and to forfeit the proceeds of his fraud. Fed. R. Crim. P. 11(b)(1)(J)–(L). Perhaps more troublingly, neither the plea agreement nor the district court seems to have mentioned that Ataya, who became a naturalized citizen after the alleged frauds, might face denaturalization as a result of his conviction. *See id.* 11(b)(1)(O); *United States v. Suarez*, 664 F.3d 655, 661 (7th Cir. 2011); 8 U.S.C. § 1101(f)(8) (providing that no person may be found "of good moral character" who has been convicted of "fraud or deceit in which the loss to the victim or victims exceeds $10,000"). It is thus quite possible that Ataya did not grasp some of the consequences of his plea.

We do not automatically invalidate plea agreements just because a district court fails to comply with Rule 11(b)'s requirements to a T. If the defendant does not object below, he must show plain error on appeal. That requires him to demonstrate "a reasonable probability that, but

for the error, he would not have entered the plea." *United States v. Dominguez Benitez,* 542 U.S. 74, 83 (2004).  The parties have not briefed this issue, and we believe that greater attention to the question would benefit the court's decision making.

Accordingly, we refer the government's motion to dismiss to the merits panel, and the parties are directed to address the knowingness and plain-error issues in their briefs.