NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

File Name: 19a0116n.06

Nos. 17-5938/17-5939

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Mar 13, 2019
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| TREMAINE WILBOURN, | ) | WESTERN DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE:     NORRIS, DAUGHTREY, and LARSEN, Circuit Judges.

MARTHA CRAIG DAUGHTREY, Circuit Judge. Defendant Tremaine Wilbourn pleaded guilty to numerous offenses pursuant to a plea agreement in which he also waived his right to appeal his convictions and sentence. Wilbourn now argues, however, that his plea was not knowing and voluntary and, therefore, should be set aside. He also contends that he received ineffective assistance of counsel in deciding whether to enter into that plea agreement. The United States, through the office of the United States Attorney, moves for dismissal of the appeal in accordance with the appellate-waiver provision to which Wilbourn agreed. For the reasons set forth below, we grant the government's motion and dismiss the appeal.

**FACTUAL AND PROCEDURAL BACKGROUND**

In 2006, Wilbourn pleaded guilty to armed bank robbery and to carrying a firearm during and in relation to a crime of violence. The district court sentenced Wilbourn to 121 months in prison and three years on supervised release. After his release from incarceration, Wilbourn began

serving his supervised-release term on July 1, 2014. Only 13 months later, however, Wilbourn was arrested again and eventually was indicted for carjacking; using, carrying, and brandishing a firearm during and in relation to a crime of violence; and being a felon in possession of ammunition (District Court Case No. 2:15-cr-20293). At the request of Wilbourn's probation officer, the district court also issued a warrant for Wilbourn to appear for a revocation of his supervised release because of the defendant's commission of federal crimes and his unauthorized use of marijuana (District Court Case No. 2:05-cr-20240).

Facing maximum sentences of life in prison plus 25 years for the indicted offenses, and additional prison time for the violation of supervised release, Wilbourn entered into a favorable plea agreement with the government. In their entirety, the substantive terms of that agreement provided:

> The United States and the defendant, represented by counsel and pursuant to Rule 11(c)(1)(C), Federal Rules of Criminal Procedure, hereby enter into the following plea agreement:
>
> 1. The defendant will plead guilty to the three-count indictment charging him with carjacking in violation of 18 U.S.C. § 2119 (Count 1), using a firearm during a crime of violence in violation of 18 U.S.C. § 924(c) (Count 2), and being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g) (Count 3).
>
> 2. Pursuant to Rule 11(c)(1)(C), F. R. Crim. P., the parties agree that the defendant shall be sentenced to a total term of imprisonment of twenty-five years and two days.
>
> 3. The defendant will also plead guilty to the supervised release violation pending against him in Criminal Case No. 05-CR-20240. Pursuant to Rule 11(c)(1)(C), F. R. Crim. P., the parties agree that the defendant shall not be sentenced to more than 30 months on this violation, which is the high end of the sentencing guideline range for this violation. The parties further agree that the determination of whether the sentence imposed for this violation is concurrent or consecutive to the sentence in this case is left to the discretion of the Court.
>
> 4. The defendant agrees that he waives any right to appeal his conviction or sentence on both this case and on his supervised release violation.
>
> 5. The parties agree that this agreement is the entire agreement between the parties.

Despite the plea agreement's language indicating that the district court had the discretion to run Wilbourn's sentence for the supervised-release violation concurrently or consecutively with his sentences for the indicted crimes, 18 U.S.C. § 924(c)(1)(D)(ii) unambiguously states that "no term of imprisonment imposed on a person under this subsection shall run concurrently with *any other term of imprisonment* imposed on the person." (Emphasis added.) Thus, the district court was required to run the 30-month sentence for the violation of supervised release consecutively with the 25-year-and-two-day sentence already imposed in District Court Case No. 2:15-cr-20293, regardless of any language to the contrary in the plea agreement itself.

Unfortunately, the district court did not clear up the parties' misconceptions. During the change-of-plea hearing, when referencing the possible sentence for the supervised-release violation, the district court explained to Wilbourn, "And in this agreement, you and the government are leaving it to me to decide whether that is part of the 25 years and two days or whether it goes on top of the 25 years and two days." Furthermore, at the sentencing hearing, the district court again noted that the prosecution and the defense "have not agreed as to whether [the 30-month sentence for violating the terms of supervised release is to be] consecutive or concurrent," and invited counsel to argue for their respective positions on the issue.

After hearing from the prosecution and from defense counsel, the district court discussed the relevant sentencing factors set forth in 18 U.S.C. § 3553(a). The district court then ordered that the sentence for the violations of the terms of supervised release run consecutively with the 25-year-two-day sentence because of Wilbourn's "need for additional time to understand and deal with the issues that come from the failure to follow authority because that goes directly to the supervised release violation, to the issues related to not following the things that you are told to do."

Wilbourn now seeks to appeal from that determination. In doing so, he argues that his plea agreement should be set aside because he did not enter it knowingly and voluntarily. He claims that he understandably was under the impression that the district court might order the 30-month sentence to be served concurrently with the longer prison sentence when, in reality, the district court was forbidden by statute to do so. Wilbourn also challenges the legitimacy of his guilty plea on the basis that his attorney provided ineffective assistance of counsel by not recognizing and explaining the limits on the district court's sentencing discretion.

## DISCUSSION

A criminal defendant may waive any constitutional right—even his right to appeal his sentence—in a valid plea agreement. *See United States v. Fleming*, 239 F.3d 761, 763–64 (6th Cir. 2001); *United States v. Smith*, 344 F.3d 479, 483 (6th Cir. 2003). For such a plea agreement to be valid for constitutional purposes, however, the defendant must have entered into it knowingly and voluntarily. *Smith*, 344 F.3d at 483. Moreover, "[a] guilty plea can be involuntary as a result of the ineffective assistance of counsel." *United States v. Gardner*, 417 F.3d 541, 545 (6th Cir. 2005) (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). Here, in the face of the government's request that we dismiss Wilbourn's appeal that he ostensibly waived in his plea agreement, Wilbourn insists that the plea could not have been entered knowingly and voluntarily because he had been misinformed by the district court and by his counsel about the possibility that the district court would order his 30-month sentence to be served concurrently with the longer sentence he received for the offenses charged in District Court Case No. 2:15-cr-20293.

Ordinarily, "[w]e apply *de novo* review to the issue of whether a criminal defendant has waived appellate rights in a valid plea agreement." *United States v. Detloff*, 794 F.3d 588, 592 (6th Cir. 2015). Where, as here, however, the defendant failed to raise his objections before the

district court, we review for plain error. *United States v. Vonn*, 535 U.S. 55, 59 (2002). To satisfy the plain-error standard, Wilbourn must establish "(1) error (2) that was obvious or clear, (3) that affected defendant's substantial rights and (4) that affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (*en banc*) (citation and internal quotation marks omitted).

**Knowing and Voluntary Nature of Guilty Plea**

"For an appellate waiver to be knowing and voluntary, the defendant . . . must have entered into the plea agreement as a whole knowingly and voluntarily." *United States v. Ataya*, 869 F.3d 401, 402 (6th Cir. 2017) (*Ataya I*). Wilbourn insists that his plea to the supervised-release violation was not made with full knowledge because the plea agreement, the prosecution, and the district court all specified that the district court could determine whether that sentence would be served concurrently or consecutively with the lengthier sentence imposed upon him for the indicted offenses. The parties agree that such an intimation was wrong in light of the unambiguous mandate of 18 U.S.C. § 924(c)(1)(D)(ii). That error, however, did not render Wilbourn's plea unknowing or involuntary, nor did it affect his substantial rights or the fairness, integrity, or public reputation of the proceedings.

To the extent Wilbourn argues that he did not receive the benefit of his bargain—that he did not receive a chance at concurrent sentencing—we see no error affecting his substantial rights because the district court still undertook an evaluation of the propriety of concurrent sentencing regardless of the mandates of § 924(c)(1)(D)(ii). As we recognized in *United States v. Ataya*, 884 F.3d 318, 323 (6th Cir. 2018) (*Ataya II*), "The third prong—that the error affected the defendant's substantial rights—'in most cases . . . means that the error must have been prejudicial: It must

have affected the outcome of the district court proceedings.'" (Quoting *Puckett v. United States*, 556 U.S. 129, 135 (2009), and *United States v. Olano*, 507 U.S. 725, 734 (1993)).

Here, the district court's error in misapprehending the mandatory nature of the consecutive-sentencing provision of § 924(c)(1)(D)(ii) was ameliorated and rendered harmless by the district court's consideration of the propriety of consecutive versus concurrent sentencing. Indeed, Wilbourn actually received the benefit mistakenly bestowed by the plea agreement. Nevertheless, the defendant's history, the nature and seriousness of the offense, the need to promote respect for the law, the need to protect the public, and "a significant need for deterrence" led the district court to conclude that concurrent sentencing for the violations of the terms of supervised release would not be appropriate. The agreement should not have indicated that the district court had discretion in determining whether concurrent or consecutive sentences were appropriate, but Wilbourn received the benefit of that provision and thus cannot show harm. *See Puckett*, 556 U.S. at 141 (recognizing that a defendant cannot show prejudice when "he obtained the benefits contemplated by the deal").

To the extent Wilbourn argues that the concurrent sentencing provision in the plea agreement rendered his plea unknowing or involuntary and that the plea agreement should, therefore, be set aside, he has not established entitlement to relief. Wilbourn's claim that he "possibl[y], if not likely" would have rejected the plea deal had he known that his sentence for violation of the terms of supervised release had to run consecutively with his other sentence is both self-serving and unbelievable. In exchange for his guilty plea, Wilbourn received an extremely lenient, reduced sentence. In fact, as expressed by the prosecution at the defendant's sentencing hearing, "If he was not pleading guilty, we would be seeking the maximum punishment,"— incarceration for life plus 25 years for the offenses in the indictment alone. Given the strength of

the evidence arrayed against Wilbourn, it is difficult to believe that the defendant willingly would have risked life in prison rather than agreeing to a sentence that amounted to 27 years, six months, and two days of incarceration.  In any event, to show that he was entitled to have his plea set aside because it was unknowing or involuntary, Wilbourn would have to "show a *reasonable probability* that, but for the error, he would not have entered the plea."  *United States v. Dominguez Benitez*, 542 U.S. 74, 76 (2004) (emphasis added).  Wilbourn does not even attempt to make that showing in his briefing before this court.

**Ineffective Assistance of Counsel Claim**

Wilbourn also argues that his counsel was constitutionally ineffective in failing to advise him that the terms of the plea agreement did not comport with the mandatory language of the sentencing provisions of 18 U.S.C. § 924(c)(1)(D)(ii).  Ordinarily, such claims are resolved in proceedings pursuant to 28 U.S.C. § 2255 after a record can be compiled memorializing the testimony of the defendant, his attorney, and any other relevant party regarding the claim.  *See, e.g.*, *Gardner*, 417 F.3d at 545.  Wilbourn insists, however, that the record in this case is sufficient to establish that he was denied the effective assistance of counsel and that we should resolve this issue on his direct appeal.  Despite Wilbourn's invitation to address this issue prematurely, we believe the better course is to allow Wilbourn to argue this issue in the context of a § 2255 motion.

**CONCLUSION**

For the reasons discussed above, Wilbourn has not established that his plea should be set aside.  Because the plea remains in force, Wilbourn is bound by the appellate-waiver provision included in the agreement.  We thus DISMISS Wilbourn's attempted appeal.