NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0232n.06

No. 18-3971

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**
Apr 28, 2020
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| ANTOINE JEFFERSON, | ) | NORTHERN DISTRICT OF OHIO |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE: DAUGHTREY, GIBBONS, and MURPHY, Circuit Judges.

MARTHA CRAIG DAUGHTREY, Circuit Judge. Pursuant to a written agreement with the government, defendant Antoine Jefferson pleaded guilty to a charge of conspiracy to possess with intent to distribute and to distribute heroin, cocaine, crack cocaine, and marijuana and to a charge of possession of firearms in furtherance of a drug-trafficking crime. Varying downward from the applicable United States Sentencing Guidelines punishment range, the district court sentenced Jefferson to time served on the conspiracy count, to a consecutive sentence of 60 months on the firearms charge, and to an effective supervised release term of five years. Jefferson now asks us to hold that his plea was not entered knowingly and voluntarily because the government failed to offer a factual basis to conclude that the firearms found during a search of the defendant's residence belonged to him or were possessed in furtherance of a drug-trafficking crime. He further contends that the mandatory-minimum five-year sentence provided for by 18 U.S.C. § 924(c)(1)(A)(i) for the firearms charge is unconstitutional. In response, the government moves

to dismiss Jefferson's appeal on the ground that the defendant waived his appellate rights in the plea agreement.

In light of ambiguous statements made by the magistrate judge at Jefferson's plea hearing and by the district judge at sentencing regarding the ability of the defendant to challenge his appellate waiver, we deny the government's motion to dismiss and address the issues raised on appeal by Jefferson. Doing so, we find no merit to the defendant's allegations of error and affirm the judgment of the district court.

**FACTUAL AND PROCEDURAL BACKGROUND**

After an investigation into a wide-ranging drug-distribution organization, the federal government secured a 33-count indictment against 21 defendants. In that indictment, the government charged Antoine Jefferson with: conspiring to possess with intent to distribute and to distribute heroin, cocaine base (crack cocaine), cocaine, and marijuana (Count 1); possessing with intent to distribute cocaine (Count 12); possessing firearms in furtherance of a drug-trafficking crime (Count 13); and using of a telephone to facilitate a drug felony (Count 30). Prior to trial, however, Jefferson and the government reached a plea agreement by which the defendant would plead guilty to Counts 1 and 13 of the indictment in exchange for dismissal of the remaining two counts against him.

In addition, the agreement memorialized the parties' calculation that Jefferson's crimes corresponded to a Guidelines base offense level of 18 for the conspiracy charge and a consecutive, mandatory-minimum sentence of five years on the firearms charge. Because Jefferson "affirmatively accepted personal responsibility" for his conduct, the agreement further provided that the government would recommend that the district court grant a three-level reduction in the

defendant's offense level under U.S.S.G. § 3E1.1(a) and (b). The agreement also provided for a waiver of most of Jefferson's appellate rights, stating:

> Defendant acknowledges having been advised by counsel of Defendant's rights, in limited circumstances, to appeal the conviction or sentence in this case, including the appeal right conferred by 18 U.S.C. § 3742, and to challenge the conviction or sentence collaterally through a post-conviction proceeding, including a proceeding under 28 U.S.C. § 2255. Defendant expressly and voluntarily waives those rights, except as specifically reserved below. Defendant reserves the right to appeal: (a) any punishment in excess of the statutory maximum; or (b) any sentence to the extent it exceeds the maximum of the sentencing imprisonment range determined under the advisory Sentencing Guidelines in accordance with the sentencing stipulations and computations in this agreement, using the Criminal History Category found applicable by the Court. Nothing in this paragraph shall act as a bar to Defendant perfecting any legal remedies Defendant may otherwise have on appeal or collateral attack with respect to claims of ineffective assistance of counsel or prosecutorial misconduct.

By agreement of the parties, a magistrate judge presided over the hearing to determine the validity and voluntariness of the defendant's guilty plea. At that hearing, the magistrate judge meticulously detailed the elements of the crimes to which Jefferson was pleading guilty and determined that the defendant understood those elements and the attendant potential punishments. Additionally, the magistrate judge went through most paragraphs of the plea agreement and asked Jefferson if he agreed with the stated terms. In each case, the defendant answered in the affirmative.

The government then detailed the evidence it would have introduced at trial had a plea agreement not been reached. In that recitation, the government stated that the evidence would show, in relevant part, that "[o]n or about June 10th, Mr. Jefferson knowingly possessed firearms to protect, in furtherance of his drug trafficking activities, to wit this conspiracy to possess [with] intent to distribute and to distribute cocaine." When asked whether he agreed with the prosecutor's summary, Jefferson answered "Yes, Your Honor." And when the magistrate judge asked Jefferson if anything stated by the government's lawyer was incorrect, the defendant responded, "No, sir."

Finally, when the magistrate judge specifically inquired of Jefferson whether he was pleading guilty to the offenses outlined in Counts 1 and 13 because he was, in fact, guilty of those offenses, the defendant answered, "Yes, Your Honor."

Consequently, the magistrate judge concluded that Jefferson knowingly and voluntarily wished to plead guilty to the charges of conspiracy and of possession of firearms in furtherance of a drug-trafficking offense. Before doing so, however, the magistrate judge again went over the terms of the appellate-waiver provision of the plea agreement to ensure Jefferson's understanding of that waiver. In doing so, in addition to recounting the language of the provision, the magistrate judge informed Jefferson that "[s]uch waivers are enforceable, *but if you believe that the waiver is unenforceable, you can present that theory to the appellate court*." (Emphasis added.)

The district court reviewed the conclusions of the magistrate judge *de novo* and adopted the recommendation that Jefferson's guilty plea be accepted as knowing and voluntary. At the ensuing sentencing hearing, however, the district court noted that, despite the plea agreement's stipulation that Jefferson's base offense level for his conspiracy conviction should be 18, the presentence report more accurately calculated the base offense level at 24. Thus, with a three-level downward departure to reward the defendant for his acceptance of responsibility, the applicable Guidelines sentencing range for the conspiracy conviction of a Criminal-History-Category-II offender like Jefferson would be 41–51 months, rather than the 21–27-month range envisioned by the plea agreement. Nevertheless, after hearing argument from the parties and the allocution of the defendant, the district court varied downward in imposing a sentence for the conspiracy conviction of time served, which the district court calculated to equate to a sentence of 12 months on that count of the indictment—a sentence below even the 21–27-month range envisioned in the plea agreement. The district court also imposed "[f]or Count 13, . . . the

consecutive term of 60 months," as well as concurrent terms of supervised release of three and five years for the two offenses. Then, prior to adjourning the hearing, the district judge explained to Jefferson:

> Your written plea agreement waived many of your appellate rights, but it did not waive all of them. *If you do believe you have a theory you'd like to present to an appellate court regarding any part of the proceedings*, the withdrawal of motions— I have to tell you, while I hadn't had an opportunity to thoroughly review the motion to suppress, the other motion, the one that attacked the search, based on the position I held then, based on what I read, not likely to be well taken, but nonetheless, *if you think you have a theory to appeal any part of these proceedings*, you only have 14 days to ask the appellate court to give you a schedule, a date by which you need to file a brief to explain the theory, and then the government can respond.

(Emphases added.)

## DISCUSSION

Ordinarily, a waiver of appellate rights in a plea agreement binds a defendant to that waiver as long as the plea itself was entered knowingly and voluntarily. *United States v. Toth*, 668 F.3d 374, 378 (6th Cir. 2012). Because the district court found that Jefferson indeed did enter into his plea agreement—including its appellate-waiver provision—knowingly and voluntarily, the government has filed a motion with this court to dismiss this appeal because the issues raised on appeal by the defendant do not fall within the limited exceptions to the waiver of appeal rights.

We have directed government lawyers in such circumstances to move for dismissal of appeals filed in contravention to the terms of waiver provisions in plea agreements, in part to save time and resources on appeal. *See, e.g.*, *United States v. McGilvery*, 403 F.3d 361, 363 (6th Cir. 2005). Where, however, a defendant challenges the validity of the waiver itself, the government may not rely solely upon the waiver language in the plea agreement to dispose of the appeal. *See In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007). Of course, when the transcript of a plea hearing establishes that a defendant's plea was knowing and voluntary and that the district court complied with the strict requirements of Rule 11(b) of the Federal Rules of Criminal Procedure, a mere

assertion on appeal that the defendant did not waive appellate rights knowingly and voluntarily will not defeat a motion to dismiss the appeal. Here, however, Jefferson points to comments made on the record by the magistrate judge and by the district judge that call into question his understanding of the limits of his appellate rights. Although the plea agreement itself lists explicitly only four avenues for appeal—none of which encompass the issues Jefferson seeks to present to us—the magistrate judge did inform the defendant that, in addition to the circumstances enumerated in the agreement, Jefferson also could present to the appellate court a theory that the waiver provision itself is unenforceable. Furthermore, the district court instructed Jefferson at the sentencing hearing that he could present to an appellate court any theory "regarding *any part* of the proceedings." (Emphasis added.)

If a defendant "misunderstands any of [the] consequences [of an appellate waiver], that undermines the knowingness of the appellate waiver" itself. *United States v. Ataya*, 869 F.3d 401, 402 (6th Cir. 2017) (order). Because we believe it is at least possible that the remarks by the magistrate judge and the district judge confused Jefferson about the extent of his appellate rights, out of an abundance of caution and in an effort to forestall future litigation on this issue, we deny the government's motion to dismiss this appeal. We thus undertake a brief examination of the issues raised by Jefferson on appeal.

In his first appellate challenge, Jefferson argues that his guilty plea cannot be considered knowing and voluntary—and therefore valid—because the district court failed to comply with the provisions of Federal Rule of Criminal Procedure 11(b)(3) by ensuring "that there is a factual basis for the plea." Specifically, Jefferson contends that he cannot be guilty of possessing a firearm in furtherance of a drug-trafficking crime because there is no proof that the weapon recovered from a safe in the defendant's residence belonged to him or that the weapon was possessed to further

drug activities. At his plea hearing, however, Jefferson agreed with the statement of the prosecutor that the defendant "knowingly possessed firearms to protect, in furtherance of his drug activities, to wit this conspiracy to possess [with] intent to distribute and to distribute cocaine." He also affirmed that he was "pleading guilty . . . to the offense because [he is], in fact, guilty of the offenses charged in Count 1 and 13 of the indictment."

Even had he not admitted his guilt of the firearms charge during court proceedings, we would find that the government established a sufficient factual basis for that conviction. Despite the fact that Jefferson argues that he could not be found guilty of possessing a firearm in furtherance of drug-trafficking activity because there was insufficient evidence that he had control over the weapon, he had at least constructive possession of the firearm that police found in a safe in his residence. *See United States v. Volkman*, 797 F.3d 377, 391–92 (6th Cir. 2015). Indeed, police also found in the safe "ammunition, baggies of cocaine, paperwork belonging to the defendant, and 16 full, unopened bottles of Promethazine with Codeine cough syrup which were pharmaceutical in origin." Furthermore, as we held in *Volkman*, "[w]hen a weapon is found in a locked safe placed alongside contraband, there is sufficient evidence for a jury to determine that a defendant is in possession of a firearm in furtherance of a drug-trafficking crime." *Id.* at 391. Thus, there is no merit to Jefferson's allegation that the government failed to establish a factual basis for his guilty plea to the charge of possessing a firearm in furtherance of a drug-trafficking crime.

Similarly, we find no merit to Jefferson's other allegation of error. In that claim, he contends that the statutory mandatory-minimum five-year sentence for possessing a firearm in furtherance of a drug-trafficking offense, *see* 18 U.S.C. § 924(c)(1)(A)(i), is unconstitutional because it is grossly disproportionate to the offense he committed. Jefferson recognizes that we

have held consistently that "mandatory minimum sentences, which limit a sentencing court's discretion with regard to [18 U.S.C.] § 3553(a) factors, are constitutional." *United States v. Washington*, 584 F.3d 693, 700 (6th Cir. 2009); *see also United States v. Cecil*, 615 F.3d 679, 695–96 (6th Cir. 2010). He seeks to raise this issue on appeal, however, "to preserve it for discretionary review or in the event of a change in the law." Because we cannot overrule the holding of a prior, published Sixth Circuit decision unless "an inconsistent decision of the United States Supreme Court requires modification of that decision or this Court sitting en banc overrules the prior decision," *Salmi v. Sec'y of Health & Human Servs.*, 774 F.2d 685, 689 (6th Cir. 1985), we conclude that Jefferson cannot establish constitutional infirmities in his mandatory-minimum five-year sentence.

## CONCLUSION

In light of the unusual circumstances presented in this case, we **DENY** the government's motion to dismiss this appeal. Nevertheless, we find no merit to the issues raised by the defendant and **AFFIRM** the judgment of the district court.